**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

THE PALMS OF PERDIDO, LLC,
A Florida Limited Liability Company,

        Plaintiff,

v.

                                                    Case No.: 3:07cv477/MCR/EMT

RICHARD J. STEPHENSON,
ALICIA L. STEPHENSON, and
PHILLIP J. PICCHIETTI, Individually
and as Trustee of the Stephenson
Perdido Trust,

        Defendants.
_____/

**O R D E R**

This matter comes before the court on defendants' Motion to Dismiss (doc. 13). For the reasons stated below, this motion will be denied without prejudice to its refiling or the filing of another motion to dismiss. Plaintiff is granted an additional 20 days in which to file a new complaint. This opportunity is being extended for the benefit of all parties, as well as the court. Plaintiff is encouraged to use this opportunity to remedy pleading deficiencies, as noted by the court.

**I. FACTUAL AND PROCEDURAL HISTORY**[1]

This action arises out of a condominium sale gone bad. According to the Amended Complaint, Plaintiff, The Palms of Perdido, LLC, is the developer of a condominium project, and the individual Defendants, Richard and Alicia Stephenson, sought to purchase one of the units in March 2004. Initially, Richard Stephenson had his agent, Defendant Phillip Picchietti, execute a purchase agreement on Stephenson's behalf, but The Palms rejected

---

[1]The facts are taken from the Amended Complaint.

it because Picchietti had not attached any document establishing his power of attorney to act for Stephenson. Stephenson then established a new trust, the Stephenson Perdido Trust, naming himself as the grantor and Picchietti as the trustee. The Palms agreed to sell the Stephensons' unit to the Trust, and Picchietti signed a new purchase agreement in his capacity as Trustee.

Construction took years. In July 2007, The Palms first notified the Stephensons that it was ready for closing and set a date for that closing. The Stephensons asked that the closing be postponed, and then postponed it again. In fact, the Stephensons, Picchietti, and the Trust postponed or missed all four of the dates The Palms set for closing. Ultimately, the Stephensons notified The Palms they were not going through with the purchase at all, and they requested that The Palms return the money which they had put into escrow, which has not been done.

The Palms brings various causes of action based on defendants' purported breach of contract, as well as causes of action rooted in quasi-contract and in tort, seeking damages for either specific performance on the contract, requiring purchase of the unit, or the right to all the funds currently in escrow.

## II. LEAVE FOR PLAINTIFFS

Defendants have moved to dismiss the Amended Complaint in its entirety. The court will deny this motion without prejudice. Defendants' arguments regarding plaintiff's pleading have some merit, however, and the court hereby grants the plaintiff leave to file a Second Amended Complaint addressing shortfalls in the first Amended Complaint. The court now addresses some of the deficiencies in the Amended Complaint; this is not necessarily an exhaustive list.

### A. Unclear Identity of Defendants

As a threshold matter, it is at times unclear from the Amended Complaint which defendant is being named on which cause of action. Occasionally context is sufficient to supply the answer, but clarity is absolutely critical in this case, because a key issue appears to be whether the purchase contract is enforceable against the Stephenson Perdido Trust, Richard Stephenson, Alicia Stephenson, Phillip Picchietti, or some

combination of these. For example, paragraphs 57 and 58 of Amended Complaint allege that "Defendants" have "defaulted on" and "breached" their contractual duties. Given that the contract was expressly made between the Palms and the Trust only, the use of the plural is ambiguous and confusing.

Additionally, paragraph (D) of the prayer for relief asks for a judgment that "the Stephensons and/or Picchietti" are in default under the terms of "*its* Agreement." (Emphasis added.) The pronoun "its" and its object do not agree here, but more importantly, paragraph 69 alleges that "the Trust," not the individual defendants, is the actor which is in default under the Agreement. Defendants and the court are entitled to a more definite statement of the nature and theory of plaintiff's central cause of action, and specific identification of the defendant or defendants plaintiffs claim are liable.

### B. Extraneous Counts

Another problem with plaintiff's Amended Complaint is that it contains two "Counts" which are not actually distinct causes of action. Indeed, even in its memorandum in opposition to the motion to dismiss, plaintiff admits, "Count III is not a separate cause of action in and of itself." (Pl.'s Response to Defs.' Mot. to Dismiss at 15.) Instead, Count III ("Trustee's Personal Liability") and Count IV ("Pierce The Trust Veil") are merely theories under which plaintiff alleges that Trustee, Picchietti and the Stephenson defendants may be personally responsible for the actions of the Trust. These theories need to be connected to specific claims.

### C. Fraud Claim

Plaintiff needs to revise Count VI, "Intentional Misrepresentation/Fraud," particularly in light of the heightened pleading standard imposed by Fed. R. Civ. P. 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In this circuit, Rule 9(b) is satisfied when the complaint states "(1) precisely what statements were made in what documents or oral representations . . . , and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade*

*Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2002), *citing Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation marks omitted).  Plaintiff has not met this standard.  The only factual basis for Count VI appears in paragraph 88, wherein Plaintiff makes a bare allegation that "[t]he Defendants stated numerous times" that they intended to go through with the closing on the property.  This allegation fails to identify which defendants made the statements, when they made them, and exactly what was said.  Thus, it falls short of the requirement of Rule 9(b).

**III. CONCLUSION**

In granting plaintiff leave to file a second amended complaint, the court makes no findings on the merits of plaintiff's claims or defendants' defenses.  It is expected that plaintiff will not add any new substantive claims or new defendants to its revised complaint.

If plaintiff files a new complaint, defendants will be permitted 20 days to respond, which may include the refiling of this motion to dismiss, or a new motion to dismiss.

Accordingly, it is ORDERED:

1. Defendant's Motion to Dismiss (doc. 13) is DENIED without prejudice.
2. Plaintiff is granted 20 days' leave to file a second amended complaint in accordance with the directions above.
3. Defendant shall have 20 days thereafter to respond.

**DONE and ORDERED** on this 23rd day of September 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:07cv477/MCR/EMT